## ORAL ARGUMENT NOT YET SCHEDULED

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Nos. 24-1071, -1238 (consol.)

GRAND RIVER DAM AUTHORITY,
*Petitioner,*
*v.*
FEDERAL ENERGY REGULATORY COMMISSION,
*Respondent.*

On Petition For Review Of Agency Action By The
Federal Energy Regulatory Commission, 186 FERC ¶ 61,045 (2024),
186 FERC ¶ 62,124 (2024), 187 FERC ¶ 61,211 (2024)

## NON-BINDING STATEMENT OF ISSUES TO BE RAISED

Pursuant to this Court's Order entered on July 10, 2024, Dkt. 2064006, Petitioner Grand River Dam Authority ("Petitioner") submits this Non-Binding Statement Of Issues To Be Raised:

1. Whether Respondent the Federal Energy Regulatory Commission ("FERC") erred by failing to conclude that the Flood Control Act of 1938 authorizes the Pensacola Hydroelectric Project and directs the Army Corps of Engineers ("Corps") to acquire and retain all property necessary to support its flood control operations at Pensacola Dam.

2. Whether FERC erred by failing to conclude that the Flood Control Act of 1941 authorizes the Pensacola Hydroelectric Project and

directs the Corps to acquire and retain all property necessary to support its flood control operations at the Pensacola Dam.

3. Whether FERC erred by failing to conclude that other Acts of Congress and Executive Orders authorize and direct the Corps to acquire and retain all property necessary to support its flood control operations at Pensacola Dam.

4. Whether FERC erred by failing to provide a reasoned basis for overturning over 85 years of practice and precedent at the Pensacola Hydroelectric Project establishing that Petitioner's obligations for property acquisition extend only up to elevation 750 feet.

5. Whether FERC erred in holding that the Federal Power Act authorizes it to require Petitioner to acquire non-Pensacola Hydroelectric Project property outside the boundary of the Pensacola Hydroelectric Project, even though the Flood Control Acts of 1938 and 1941 direct the Corps to acquire properties needed for its flood control operations and provides that such lands be held by the United States.

6. Whether FERC misinterpreted Standard Article 5 of the license for the Pensacola Hydroelectric Project in determining that Petitioner is obligated to acquire non-Pensacola Hydroelectric Project lands outside

the boundary of the Pensacola Hydroelectric Project, without any FERC license amendment order determining that lands are necessary for the Pensacola Hydroelectric Project and amending the approved Pensacola Hydroelectric Project boundary maps.

7. Whether FERC erred in interpreting Standard Article 5 of the license for the Pensacola Hydroelectric Project as requiring all lands that are needed for "project purposes" to be acquired by hydropower licensees, even where FERC has no regulatory responsibilities or authorities over the identified "project purpose."

8. Whether FERC was arbitrary and capricious and/or abused its discretion in announcing an entirely new interpretation of Standard Article 5 of the license for the Pensacola Hydroelectric Project, without considering the effects of that interpretation on Petitioner or all hydropower licensees or the resulting chilling effects associated with imposing a roving, ill-defined new obligation on the regulated industry.

9. Whether FERC's entirely new interpretation of Standard Article 5 of the license for the Pensacola Hydroelectric Project is tantamount to a unilateral amendment of Petitioner's license for the

Pensacola Hydroelectric Project, in violation of Section 6 of the Federal Power Act.

10. Whether FERC erred in failing to adhere to the clear directive of Section 7612 of the National Defense Authorization Act for 2020 (commonly referred to as the "Pensacola Act") removing FERC's authority over non-Pensacola Hydroelectric Project lands outside the Pensacola Hydroelectric Project boundary and establishing that all lands outside the Pensacola Hydroelectric Project boundary are unneeded for Pensacola Hydroelectric Project purposes.

11. Whether FERC erred in holding that Section 28 of the Federal Power Act prohibits the immediate applicability of the Pensacola Act, even though Section 28 of the Federal Power Act, by its plain terms, applies only to amendments to the Federal Power Act and not to project-specific legislation such as the Pensacola Act.

12. Whether FERC erred in holding that Section 28 of the Federal Power Act prohibits the immediate applicability of the Pensacola Act, even though the Pensacola Act does not alter, amend, or repeal any terms of the existing license for the Project.

13. Whether FERC erred in holding that Section 28 of the Federal Power Act prohibits the immediate applicability of the Pensacola Act, despite foundational canons of construction establishing that: (a) statutes become immediately effective upon enactment, except as specifically instructed otherwise by Congress; (b) specific acts of Congress displace general statutes; and (c) newer statutes displace older Acts.

14. Whether FERC erred in failing to analyze and determine the specific effects of upstream flooding caused only by Petitioner's operations at Pensacola Dam as required by *City of Miami v. FERC*, 22 F.4th 1039 (2022), rather than determining the upstream flooding effects of Pensacola Dam as a whole.

15. Whether FERC erred in failing to consider the results of Mead & Hunt's Hydraulic and Hydrologic Modeling Study, which is the only quantitative analysis in the record that isolates the upstream flooding effects of Petitioner's operations, while all other studies only analyze the upstream flooding effects caused by Pensacola Dam as a whole.

16. Whether FERC erred by failing to account for disproportionate adverse effects, including economic effects, on Petitioner's customer base.

17. Whether FERC erred by not dismissing the formal complaint filed by the City of Miami as a collateral attack on final and non-appealable orders of FERC, as prohibited under Section 313 of the Federal Power Act.

18. Whether the FERC's adoption and implementation of an entirely new interpretation of Standard Article 5 of the license for the Pensacola Hydroelectric Project denies Petitioner its rights of due process.

19. Whether FERC's directive for Petitioner to purchase lands that are flooded only as a result of the Corps' operations at Pensacola Dam amounts to an unconstitutional taking without compensation.

Dated: August 9, 2024

Respectfully Submitted,

CHARLES R. SENSIBA
ELIZABETH J. MCCORMICK
SAHARA D. SHRESTHA
TROUTMAN PEPPER HAMILTON
SANDERS LLP
401 9th St. NW
Suite 1000
Washington, DC 20004
(202) 274-2950
charles.sensiba@troutman.com
elizabeth.mccormick@troutman.com
sahara.shrestha@troutman.com

ANDREA W. WORTZEL
DABNEY J. CARR
TROUTMAN PEPPER HAMILTON
SANDERS LLP
1001 Haxall Point
15th Floor
Richmond, VA 23219
(804) 697-1200
andrea.wortzel@troutman.com
dabney.carr@troutman.com

/s/ *Misha Tseytlin*
MISHA TSEYTLIN
*Counsel of Record*
KEVIN M. LEROY
TROUTMAN PEPPER
HAMILTON SANDERS LLP
227 W. Monroe Street
Suite 3900
Chicago, IL 60606
(608) 999-1240 (MT)
(312) 759-1939 (fax)
misha.tseytlin@troutman.com
kevin.leroy@troutman.com

*Counsel for Grand River Dam
Authority*

## CERTIFICATE OF SERVICE

Pursuant to Rule 25(d) of the Federal Rules of Appellate Procedure,

I hereby certify that, on August 9, 2024, I caused the forgoing document

to be electronically filed using the Court's CM/ECF system, which

automatically provides email notification of the filing to the attorneys of

record in the above captioned docket.

Dated: August 9, 2024

/s/ Misha Tseytlin
MISHA TSEYTLIN
*Counsel of Record*
TROUTMAN PEPPER HAMILTON
SANDERS LLP
227 W. Monroe Street
Suite 3900
Chicago, IL 60606
(608) 999-1240 (MT)
(312) 759-1939 (fax)
misha.tseytlin@troutman.com

*Counsel for Grand River Dam Authority*