# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

GRAND RIVER DAM AUTHORITY,
*Petitioner*,

v.

FEDERAL ENERGY REGULATORY COMMISSION,
*Respondent*,

CITY OF MIAMI, OKLAHOMA,
*Intervenor for Respondent*,

On Petitions for Review of Action of the Federal Energy Regulatory Commission, 186 FERC ¶ 61,045 et al.

## UNOPPOSED MOTION OF LEAD AGENCY, INC.
## FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF
## RESPONDENT AND DENIAL OF PETITIONS

Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and D.C. Circuit Rule 29(b), proposed *Amicus* LEAD Agency, Inc., hereby respectfully moves this Court for leave to file an *amicus curiae* brief in the above-captioned matter in support of the Respondent Federal Energy Regulatory Commission. In support of its motion, the proposed *Amicus* states as follows:

1. Proposed *Amicus* LEAD Agency, Inc. (LEAD) is a non-profit 501(c)(3), native-led environmental justice organization in northeast Oklahoma with strong interests in the community and public health impacts of the Pensacola Project (Project), which is at issue in this case.

2. Proposed *Amicus* LEAD supports the Grand Riverkeeper, an advocate for the upper Grand River watershed, including Grand Lake and its tributaries, as well as the Tar Creekkeeper, who is dedicated to safeguarding the Tar Creek watershed.

3. The members of proposed *Amicus* LEAD reside and work within the watershed, with a significant presence in the City of Miami and other regions at risk of flooding exacerbated by the Project at issue in this case.

4. As an active participant in the federal relicensing for the Project at issue in this case, proposed *Amicus* LEAD has consistently advocated for addressing the environmental and public health issues affecting the Tar Creek watershed, an area profoundly impacted by decades of mining in the Tri-State Mining District.

5. Proposed *Amicus* LEAD's amicus brief explains that Respondent Federal Energy Regulatory Commission's (Commission) findings on remand from this Court are supported by law, and in the public interest of communities impacted by the Project's operations.

6.      From the unique perspective of proposed *Amicus* LEAD, the brief discusses how Petitioner Grand River Dam Authority (Authority), the operator for the Project at issue in this case, has an obligation pursuant to the license the Authority received for the Project to acquire lands necessary or appropriate for project operations, including flood control. The brief highlights how absolving the Authority of this obligation would be harmful and unfair to local communities surrounding the Project, and outlines how the Pensacola Act, cited by the Authority, does not diminish the Authority acquisitional obligations under the Project license. Then the brief discusses the Army Corps of Engineers' nonexclusive authority to acquire lands around the Project for flood control and emphasizes how the Corps' authority does not limit the Authority's obligations under its Project license. The brief explains that, if the petitions are granted, the local communities surrounding the Project will continue to suffer, and the Authority will continue to escape accountability for flooding impacts.

7.      The attached *Amicus* brief is desirable and relevant as required by Federal Rule of Appellate Procedure 29 because it provides unique perspectives on the impacts of the Project's operations on surrounding communities. The proposed *Amicus*' perspectives are not identical to those of the parties, and their interests cannot be adequately represented by the parties.

8. Counsel for the proposed *Amicus* sought consent to file the proposed amicus brief from the parties under Federal Rule of Appellate Procedure 29(a) and D.C. Circuit Rule 29(b). Respondent Commission and respondent-intervenor City of Miami, Oklahoma, consented to the filing of the brief. Petitioner Authority took no position as to the filing of this brief.

9. This motion is timely filed within seven days of the Respondent's brief, which was filed on December 17, 2024. *See* Fed. R. App. P. 29(a)(6).

10. Granting this motion would not burden the parties nor delay the Court's consideration of the case.

WHEREFORE, proposed *Amicus* respectfully requests that this Court grant this motion and file the attached *Amicus* brief in these consolidated cases.

**LEAD AGENCY, INC.,**

By its attorney,

/s/ Christophe Courchesne
Christophe Courchesne
Environmental Advocacy Clinic
Vermont Law and Graduate School
PO Box 96, 164 Chelsea Street
South Royalton, VT 05068
(802) 831-1630 (main)
(802) 831-1631 (fax)
ccourchesne@vermontlaw.edu

*Counsel for Proposed Amicus Curiae*

Dated December 20, 2024

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 592 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and D.C. Cir. R. 32(e)(1).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced 14-point roman-style typeface (Times New Roman) using Microsoft Word.

/s/ Christophe Courchesne
Christophe Courchesne
*Counsel for Proposed Amicus Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that, on December 20, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system, which served a copy of the document on all counsel of record in the case.

/s/ Christophe Courchesne
Christophe Courchesne
*Counsel for Proposed Amicus Curiae*

Nos. 24-1071 and 24-1238

# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

GRAND RIVER DAM AUTHORITY,
*Petitioner*,

v.

FEDERAL ENERGY REGULATORY COMMISSION,
*Respondent*,

CITY OF MIAMI, OKLAHOMA,
*Intervenor for Respondent*,

On Petitions for Review of Action of the Federal Energy Regulatory Commission
186 FERC ¶ 61,045 et al.

## CORPORATE DISCLOSURE STATEMENT AND CERTIFICATE AS TO PARTIES OF PROPOSED AMICUS LEAD AGENCY, INC.

Proposed Amicus Local Environmental Action Demanded Agency, Inc. ("LEAD") makes the following statement under Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1:

LEAD is a nonprofit organization focused on addressing environmental issues and environmental injustice in communities in northeast Oklahoma.

Incorporated in Oklahoma, LEAD has no parent corporation, and no publicly held company owns a ten percent or more ownership interest in LEAD.

Respectfully submitted,

LEAD AGENCY, INC.

By its attorney,

/s/ Christophe Courchesne

Christophe Courchesne
Environmental Advocacy Clinic
Vermont Law and Graduate School
PO Box 96, 164 Chelsea Street
South Royalton, VT 05068
(802) 831-1630 (main)
(802) 831-1631 (fax)
ccourchesne@vermontlaw.edu

Dated: December 20, 2024

# CERTIFICATE AS TO PARTIES

Pursuant to D.C. Circuit Rule 27(a)(4), proposed *Amicus* Local Environmental Action Demanded Agency, Inc. ("LEAD") submits the following Certificate as to Parties.

All parties appearing before this Court are listed in the Petitioner's Brief, with the exception of proposed *Amicus* LEAD and any other amici in support of Respondent.

Respectfully submitted,

*/s/ Christophe Courchesne*
Christophe Courchesne
Environmental Advocacy Clinic
Vermont Law and Graduate School
PO Box 96, 164 Chelsea Street
South Royalton, VT 05068
(802) 831-1630
ccourchesne@vermontlaw.edu
*Counsel for Proposed Amicus Curiae*

Dated: December 20, 2024